UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BENJAMIN RIEDER,

                Plaintiff,                    Docket No.:

       -against-

CHESTNUT HOLDINGS OF NEW YORK, INC, and    **COMPLAINT**
JONATHAN WIENER,

                Defendants.
------------------------------------------------------------------X

      Plaintiff, Benjamin Rieder ("Plaintiff" or "Mr. Rieder"), by and through his attorneys, Book Law LLP, for his complaint against defendants, Chestnut Holdings of New York, Inc. ("Chestnut Holdings" or the "Company"), in his individual capacity, Jonathan Wiener, ("Mr. Wiener," and collectively with Chestnut Holdings, the "Defendants"), alleges as follows:

## NATURE OF ACTION

      1.      This is an action for breach of contract arising from Defendants' failure to pay Plaintiff retirement benefits due under a written Retirement Agreement. Plaintiff seeks monetary damages, including contractual benefits, interest, attorneys' fees, and costs.

## JURISDICTION, VENUE AND PARTIES

      2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States, and the amount in controversy, exclusive of costs, exceeds the sum or value of $75,000.

      3.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper pursuant to 28 U.S.C. §1391(b)(2).

4. The Court has personal jurisdiction over Chestnut Holdings because New York is its principal place of business and it transacts business in New York within the meaning of CPLR 302(a), and Plaintiff's claims arise from Defendants' activity in this jurisdiction.

5. This Court has personal jurisdiction over Mr. Wiener in that he is a citizen of, and resides in, the State of New York.

6. This Court also has personal jurisdiction over the Defendants based on the Non-Qualified Retirement Plan Agreement (the "Retirement Agreement"). According to the Retirement Agreement, the parties have agreed to resolve any disputes regarding the Plaintiff's retirement benefits by the laws of the State of New York.

7. Plaintiff Benjamin Rieder is a United States citizen domiciled in Bergen County, New Jersey.

8. At all relevant times, Chestnut Holdings is a New York corporation with its principal place of business location at 5676 Riverdale Avenue, Suite 307, Riverdale, New York 10471 and duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Mr. Wiener is an individual residing at 5001 Iselin Avenue, Bronx, New York 10471.

10. At all relevant times, Mr. Wiener is the Founder and President of Chestnut Holdings.

**FACTUAL BACKGROUND**

11. Mr. Rieder began employment as a Controller with Chestnut Holdings in approximately April 2005.

12. Due to Mr. Rieder's exemplary performance, on July 21, 2009, Mr. Rieder and Defendants entered into three agreements: an Employment Agreement (the "Employment

Agreement"), a Split Dollar Insurance Agreement (the "Insurance Agreement"), and a Retirement Agreement.

13. Pursuant to the Employment Agreement, on July 21, 2009, Mr. Rieder was promoted to Chief Operating Officer ("COO") with a salary of $250,000 and a guaranteed annual bonus of $125,000. Attached as Exhibit A is a true and correct copy of the Employment Agreement.

14. Mr. Rieder was responsible for providing exclusive, full-time services to the Company and for performing duties as directed by the Chief Executive Officer ("CEO") or any of their designees. Mr. Rieder brought extensive experience and a wealth of real estate knowledge to Chestnut Holdings by overseeing the Company's properties and developing strategic initiatives for its portfolio.

15. The Company regarded Mr. Rieder as a valuable and integral member of Chestnut Holdings and acknowledged his contributions to the Company's success.

16. To encourage Mr. Rieder to continue his career at Chestnut Holdings, the parties executed the Retirement Agreement. Attached as Exhibit B is a true and correct copy of the Retirement Agreement.

*The Retirement Agreement*

17. Section 2(a) of the Retirement Agreement provides that "[s]ubject to the provisions of this Agreement, within sixty (60) days after the Retirement Date, the Company shall pay [Mr. Rieder] in a single sum of the amount of $1,476,814, provided that [Mr. Rieder] is employed by the Company as of the [r]etirement [d]ate." *Id* at pg. 2.

18. The Retirement Agreement outlines three scenarios to determine whether Mr. Rieder will receive payment. These scenarios include 1) whether Mr. Rieder voluntarily resigned

from his position, 2) whether he was terminated for cause, or 3) whether he was terminated without cause. *See Id* at pgs. 2-3.

19. The Retirement Agreement defines "Cause" to mean: "(i) the commission of any act of fraud, material dishonesty, misappropriation or embezzlement, regardless of whether such crime is related to an employee of the Company, (ii) the deliberate or intentional failure or refusal by Employee to (A) to substantially perform the duties assigned to him as an employee of the Company (other than such failure resulting from a Disability), (B) abide by the reasonable directives of the Company, or (C) or (sic) devote substantially his business time and attention to the business and affairs of the Company, (iii) material nonconformance with the Company's written policies, (iv) Employee's conviction in the court of law of, or Employee's entering a plea of guilty or nolo contendere to, any felony, or (v) an act that is detrimental to the reputation, goodwill or business operation of the Company or any of its affiliates." *Id* at pg. 1.

20. According to Paragraph 2(d) of the Retirement Agreement, if the Company terminates Mr. Rieder without cause, he is entitled to ten (10) percent of the $1,476,814 at this time of termination and an additional ten (10) percent each year until July 21, 2022, at which time the applicable percentage shall be equal to one hundred percent (100%). *See Id* at pg. 2.

21. Section 2(d) of the Retirement Agreement indicates that in the event, Mr. Rieder is terminated from the Company after four years have passed since the commencement of the Retirement Agreement, (the "<u>Initial Period</u>"), Mr. Rieder shall be entitled to receive an amount equal to the product of the applicable percentage multiplied by $1,476,814.00. Such amount shall be payable by the Company to Mr. Rieder within sixty (60) days after the date of termination of Mr. Rieder's employment. *Id*.

22. The Retirement Agreement defines "Applicable Percentage" to "be equal to ten percent (10%) beginning on July 21, 2013, and shall be increased ten (10) percentage points each year thereafter on the anniversary of the effective date until July 21, 2022, at which time the Applicable Percentage shall be equal to one hundred percent (100%)." *Id*.

23. Mr. Rieder was terminated without cause from his position on May 31, 2024.

24. Mr. Rieder consistently demonstrated exemplary performance throughout his time at the Company.

25. Mr. Rieder could not have been terminated for cause because his actions did not meet the definition of "Cause" as outlined in Section 1(a) of the Retirement Agreement.

26. As a result of Defendants terminating Mr. Rieder without cause, he is entitled to one hundred percent (100%) of his retirement benefit because the termination took place after July 21, 2022. *See Id*.

27. Following Mr. Rieder's termination, Mr. Rieder acted as a part-time per diem consultant starting on June 1, 2024, at an hourly rate of $300.00, which continued until November 30, 2024.

28. Pursuant to the Retirement Agreement, the Company is obligated to pay Mr. Rieder $1,476,814 in a single sum within sixty days after his last day of employment.

29. Defendants have failed and refused to pay the amount due under the Retirement Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
(*Breach of Contract*)

30. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

31. Plaintiff and Defendants entered into a valid and enforceable Retirement Agreement.

32. Chestnut Holdings employed Plaintiff as of the date he earned full entitlement under the Retirement Agreement.

33. Defendants breached the Agreement by failing to pay Plaintiff the lump sum retirement benefit of $1,476,814 within sixty days.

34. Plaintiff fulfilled its obligations under the contract by completing his duties as the Chief Operating Officer.

35. Because of Defendants' repudiation and breach of the Retirement Agreement, Plaintiff has and will be injured and deprived of his right under the Retirement Agreement to the retirement benefits presently due.

36. As a result of Defendants' breach, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in any event no less than $1,476,814.00, plus interest, costs, disbursements, and attorneys' fees.

**WHEREFORE**, Plaintiff Benjamin Rieder demands judgement against the Defendants Chestnut Holdings of New York, Inc. and Jonathan Wiener, as follows:

a. On the First Cause of Action, awarding Plaintiff an amount to be determined at trial, but in any event no less than $1,476,814.00, plus interest, costs, disbursements, and attorneys' fees;

b. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 20, 2025

**BOOK LAW LLP**

By: *Chaim Book*
    Chaim B. Book, Esq.
    Jared A. Nossen, Esq.
    7 Times Square, 19th Floor
    New York, New York 10036
    (212) 244-0344
    cbook@booklawllp.com
    jnossen@booklawllp.com